COLE, Judge.
The issue presented here is whether or not a judgment rendered by one district court need be made executory before there can be garnishment pursuant to that judgment against a garnishee who is domiciled in another judicial district.
*384 On August 25, 1980, the Civil District Court for the Parish of Orleans rendered judgment in a matter entitled American Agency Underwriters, Inc. and Equity American Insurance Management, Inc. versus Roger Williams Insurance Company and Regal Insurance Company, suit number 79-11603.[1] The judgment was in favor of plaintiffs in the amount of $128,891.42 plus $19,333.71 for attorney fees. That judgment was made executory by judgment of the 19th Judicial District Court on November 25,1980, in a suit bearing the same title and numbered 241,836. The court also issued a Writ of Fieri Facias directing the Sheriff of East Baton Rouge Parish to seize defendants’ property.
Pursuant to the judgment of the 19th Judicial District Court, plaintiffs filed a petition for garnishment against the Treasurer of the State of Louisiana, Mrs. Mary Evelyn Parker, alleging she held certain property belonging to the defendants. The Treasurer answered interrogatories stating she held two certificates of deposit, belonging to defendants, totaling $100,000 in value. Thereafter, the district court ordered the Treasurer to turn over the property to the Sheriff of East Baton Rouge Parish. The certificates of deposit were sold to plaintiffs at a sheriff’s sale on October 7, 1981, for the sum of $66,666.68 plus costs and commission. The sheriff required plaintiffs to deposit $12,950 before giving them their bill of sale. This sum was necessary to satisfy twenty seizures made prior to plaintiffs’ seizure of the certificates.
The plaintiffs then filed a “Rule to Determine the Rank of Liens, Mortgages and Privileges.” They argued that of the twenty prior garnishment judgments [2] only four (originating from the 32nd Judicial District) had been made executory in the 19th Judicial District and therefore only those four outranked plaintiffs’ judgment. Named as defendants were the State of Louisiana through John Mamoulides, District Attorney for the 24th Judicial District, and Nor-val J. Rhodes, District Attorney for the 32nd Judicial District. Also named were the City of New Orleans through City Attorney Salvador Anszelmo and the Parish of Jefferson through Parish Attorney Hubert Vondenstein.
The trial court agreed with plaintiffs and rendered judgment recognizing the validity of the seizures by the 32nd Judicial District and by plaintiffs. The court found the attempted seizures by the City of New Orleans, the Parish of Jefferson and the State of Louisiana (24th Judicial District) were invalid because of their failure to comply with the requirements of La.Code Civ.P. art. 2411, et seq. It was ordered the Sheriff of East Baton Rouge Parish turn over funds to the District Attorney of the 32nd Judicial District sufficient to satisfy the four seizures. The Sheriff was further ordered to turn over the remaining funds to the plaintiffs.
From this judgment the City of New Orleans and the State of Louisiana (24th Judicial District) have appealed.
In oral reasons for judgment the trial court noted in order for a judgment creditor to seize the judgment debtor’s property in the hands of a third person, the garnishment must be done in accordance with the pertinent Code of Civil Procedure articles (2411 et seq.). Of special interest is art. 2417 which reads as follows: .
“The procedure in garnishment proceedings under the writ of fieri facias in a court other than that which rendered the judgment shall be the same as if the garnishment were in the court where the judgment was rendered, except:
(1) The judgment must be made execu-tory in the court where the garnishment proceedings are filed, as provided in Article 2782; and
*385 (2) The writ of fieri facias directed to the sheriff, constable, or marshal of the court where the garnishment proceedings are filed may be issued either by the court which rendered the judgment or by the court which made the judgment exec-utory.” (Emphasis added.)
Article 2781 of the Code of Civil Procedure allows judgments of one Louisiana court to be made executory in any other Louisiana court. The comments to this article shed light on the issue at hand.
“(b) Ordinarily the judgment rendered by another Louisiana court will be enforced through the writ of fieri facias authorizing the sheriff where the debtor’s property is located to seize and sell it under this writ to satisfy a judgment. (Citations omitted.) Hence, usually there is no necessity to make the judgment of another Louisiana court executory. There are two instances where it is absolutely necessary to make the judgment of the other court executory: (1) in garnishment proceedings under the writ of fieri facias, where the garnishee is domiciled in another parish, art. 2416[3] supra....”
The language of art. 2417 and the comment to art. 2781 make it perfectly clear: the judgment must be made executory in the judicial district in which the garnishment is to be effected. This was not done in this instance except for plaintiffs’ judgment and the four judgments originating from the 32nd Judicial District. The trial court correctly .held the others were invalid.
The only argument appellants make in their brief is that since the garnishee failed to object to the sufficiency or lack of citation and service and failed to object to venue, these objections were waived. We fail to see the relevancy of these arguments because the only issue in this case is the necessity of making a judgment executory. Neither venue nor service is an issue in this case.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs in the amount of $223.06 are to be shared equally by the City of New Orleans and the State of Louisiana, through the District Attorney for the 24th Judicial District.
AFFIRMED.

. The subject of the law suit was certain bail-bond forfeitures in which defendants were sureties.

. One judgment was rendered by the 24th Judicial District Court, one by the 1st Parish Court of Jefferson and the remainder by the New Orleans Municipal Court. In all judgments the State Treasurer was named as garnishee. All judgments dealt with bail bond forfeitures.

. Article 2416:
“The venue of a garnishment proceeding under a writ of fieri facias is the parish where the garnishee may be sued under Article 42 or 77.
“The venue of a garnishment proceeding under a writ of attachment or sequestration, in an action against a resident of the state, is any parish where the defendant may be sued.”